WALTER A. GEORGE, APPELLANT, v. EMMA DILL ET AL., APPELLEES.

FILED MARCH 20, 1909. No. 15,568.

1. **Judgment: VALIDITY: QUÆRE.** In an action pending in the Twelfth judicial district the parties stipulated to try the case before the judge of the Thirteenth judicial district, and to take the evidence before said judge, at Grand Island, in the Eleventh judicial district, during the vacation of the court in which the action

was pending.  Whether a judgment based on the evidence so taken rendered by the judge hearing it at a regular term of the court of the Twelfth judicial district is erroneous and subject to reversal on appeal, *quære*.

2. ———: COLLATERAL ATTACK.  After acquiring jurisdiction of the parties and the subject matter of the action, iregularities on the part of the court in entering judgment in the case can be taken advantage of only by appeal; such judgment not being absolutely void and subject to collateral attack.

APPEAL from the district court for Custer county: BRUNO O. HOSTETLER, JUDGE.  *Affirmed.*

*Sullivan & Squires* and *R. A. Moore,* for appellant.

*John N. Dryden, contra.* ·

DUFFIE, C.

In January, 1902, the plaintiff, Emma Dill, commenced an action in the district court for Custer county against the defendant, Walter A. George.  After issue joined, the parties stipulated that the case should be tried before Judge Grimes, judge of the Thirteenth judicial district, at Grand Island.  Custer county is in the Twelfth judicial district, and Grand Island is in the Eleventh judicial district.  The parties appeared before Judge Grimes at Grand Island, and during a vacation of the district court for Custer county the evidence was heard, arguments made, and the case taken under advisement by the judge.  In November, 1904, Judge Grimes made his findings in the case, and drew up a journal entry which he sent to the clerk of the district court for Custer county to be entered of record.  His findings and judgment were in favor of the plaintiff, who thereafter caused an execution to issue, whereupon Dill` commenced proceedings in the district court for Custer county to enjoin the plaintiff and the sheriff having the execution in charge from enforcing said judgment upon the ground that the same was absolutely void.  The injunction proceedings so brought were heard at a regular term of the court for Custer county, Judge

Grimes presiding at the trial upon the request of the judge of the Twelfth judicial district. A finding was made in said cause as follows: "Said judgment having been actually written outside of the judicial district in which said cause was pending, that the court had no jurisdiction by virtue of the stipulation as aforesaid to render judgment in said cause, and that the same is null and void; * * * that the injunction heretofore granted be and the same is hereby made perpetual." After entering a decree and vacating the judgment and enjoining its execution, the court, Judge Grimes still presiding, entered judgment in favor of the plaintiff in the case of *Dill v. George.* The journal entry recited that defendant filed a motion for a new trial, which was overruled, and to which defendant excepted. This occurred on the 17th of November, 1905. On the 19th of August, 1907, the district court for Custer county modified the judgment entry made by Judge Grimes in the case of *Dill v. George* to show that the defendant took no exceptions to the judgment entered, and that no motion was filed by the defendant for a new trial in said cause, and that a statement made in the judgment entry that the case came on for hearing upon the "evidence heretofore taken" referred to the evidence taken before Judge Grimes at Grand Island, in Hall county, in January, 1904.

In May, 1906, this action was commenced to enjoin the levy and collection of another execution procured by Mrs. Dill upon the judgment rendered November 17, 1905, and to have said judgment declared null and void upon the grounds that it was based upon the evidence taken in vacation and outside the judicial district in Hall county; that the case had not been called for trial, evidence taken, or parties heard at the time said judgment was entered; that neither defendant nor his attorneys had any knowledge that said case was to be tried or any steps taken therein; and that they had no knowledge of the entry of said judgment until after Judge Grimes left the bench. Upon the hearing the plaintiff's petition was dismissed,

and judgment entered against him for costs of the action, and he has appealed to this court.

That the trial of a case cannot be had outside the county or at any place in the county except at the place designated by law was settled by the opinion in *Shold v. Van Treeck,* 82 Neb. 99. That judgment in a case cannot be entered in vacation has been settled by numerous decisions in this and other courts. Such judgments are absolutely void. In the instant case the right of the plaintiff to an injunction against the enforcement of the judgment depends upon whether the judgment is voidable or absolutely void. If erroneous and voidable only, the remedy of the defendant to have the error corrected was by appeal to this court. If void and of no force or effect, he had no need to proceed against it until some of his rights were threatened in an attempt to enforce it. The testimony of Judge Grimes relating to his action in the matter is as follows: "At some time previous to November, 1905, I had heard a case, *Emma Dill v. Walter A. George,* and there was some question as to the legality of the judgment rendered because the same was prepared elsewhere than in Broken Bow, and in open court and at the request of Judge B. O. Hostettler, the judge of the district court in and for Custer county, I went to Broken Bow during the month of November, 1905, and handed down my decision and rendered the judgment in said case of *Dill v. George.* If I remember correctly, there was also pending at that time an action entitled *George v. Dill,* which action I heard and disposed of at that term of court, Judge Hostettler then being present and holding a regular term of the district court in and for Custer county, at Broken Bow, Nebraska. Q. You may state who was present in the court room at Broken Bow of counsel for the parties plaintiff and defendant when the cases of *George v. Dill* and *Dill v. George* were tried by you as you have narrated? A. John M. Dryden was present representing Emma Dill as her attorney. Homer M. Sullivan, who represented Mr. George in the trial of the case, was

present, and when the two cases, *George v. Dill* and *Dill v. George,* came on for hearing, I remember distinctly asking Mr. Sullivan what action, if any, he desired to take further in said two causes, and his reply, as I now remember it, was that he did not desire to take any action or further steps than had already been taken." It conclusively appears that no evidence in the case of *Dill v. George* was heard by the court at Broken Bow at the time the judgment in question was rendered, and the amended journal entry shows that the evidence referred to in the journal entry was that taken at Grand Island, in the Eleventh judicial district.

Whether a court may pronounce a valid judgment based upon the evidence taken before the judge in the vacation of the court and in another judicial district by agreement of the parties is a question which we do not think it necessary to decide. That such a proceeding taken under objections made by one of the parties would render the judgment erroneous has been held by the supreme court of Iowa. *Funk v. Carroll County,* 96 Ia. 158. The difference between a judgment which is absolutely void and a judgment which is voidable because of some erroneous proceeding leading up to its entry is radical and far reaching. A void judgment may be disregarded until it interferes with the rights of the parties against whom entered, while an erroneous or voidable judgment must be attacked and reversed in the manner provided by law, and, if this be not done, its validity cannot be otherwise questioned. The court having jurisdiction of the subject matter and of the parties has jurisdiction to enter a judgment in the case. That the judgment is not warranted by the evidence does not affect its validity, except upon proper steps taken to have it set aside. Indeed, the courts have gone so far as to say that a judgment entered in the absence of any evidence is valid and binding until set aside by some regular proceeding. In *Clark v. Superior Court,* 55 Cal. 199, it is said: "If, after acquiring jurisdiction of the parties and the subject matter, a superior court should

order judgment for one of the parties without a trial, such
judgment would not be 'without or in excess of the juris-
diction' of the court, although it might be erroneous; and
in such case the only remedy would be by appeal." The
facts in that case are somewhat akin to the case at bar.
One Murdock had sued Clark in the district court for Las-
sen county, California. The case was tried before the
court without a jury. The court took the case under ad-
visement, and on the 24th of November the term was ad-
journed. Afterwards the judge made and signed written
findings and a judgment in favor of the plaintiff in the ac-
tion, and forwarded the judgment and findings to the
clerk of the court, with private instructions not to file the
judgment until the reporter's fees were paid. The find-
ings and judgment remained in the hands of the clerk
without being formally filed until a new constitution went
into effect. The new constitution apparently created a
new system of courts known as the superior courts, and
the judge of that court on the 13th of April, 1880, ordered
the clerk "to place said judgment and findings and con-
clusions of law upon the files and records of said court."
In the body of the opinion it is said: "Whatever else may
be doubted, there is no room for any doubt as to the fact
that the action was one of which the superior court had
jurisdiction, and could proceed to try and determine it
precisely as it might have done if said action had been
originally commenced in that court. The case was trans-
ferred to that court, and was at issue. No question is
raised as to the court having had jurisdiction of the par-
ties or of the subject of the action. Now, conceding for
the purpose of this argument, that the court should have
proceeded to try said cause *de novo,* instead of adopting
the findings, conclusions, and judgment of the late dis-
trict court, it must be obvious that the only remedy for
that error is an appeal. If, after acquiring jurisdiction
of the parties and subject matter of an action, a superior
court should order judgment in favor of one of the parties
without a trial, that judgment would neither be 'without

nor in excess of the jurisdiction of such tribunal,' although it might be erroneous, as any judgment might be if rendered upon the naked pleadings in a case where the pleadings raised a material issue."

In *Ex parte Bennett,* 44 Cal. 84, the court said: "The hearing of proofs, the argument of counsel—in other words, the trial had, or the absence of any or all of these —neither confer jurisdiction in the first instance, nor take it away after it has once fully attached. Jurisdiction has often been said to be 'the power to hear and determine.' It is in truth the power to do both or either— to hear without determining, or to determine without hearing." In *Garner v. State,* 28 Kan. 790, the second paragraph of the syllabus is in the following words: "Where a court of record, having jurisdiction, renders a judgment upon a petition filed before it against a defendant upon default of answer, and the statute requires the court in the particular proceeding to take evidence, and make special findings, and the court fails to comply with the statutory requirements, the judgment at most is erroneous, not void." Many cases of like import are cited in Van Fleet, Collateral Attack, secs. 696, 697.

It is true that in *First Nat. Bank v. Sutton Mercantile Co.,* 77 Neb. 596, we held that, "where there is an answer on file setting up a valid defense, the fact that the defendant fails to appear either in person or by attorney when a cause is reached for trial does not entitle the plaintiff to a judgment without proof of the facts constituting his cause of action, unless the facts admitted by the answer make out a *prima facie* case in his favor." This is undoubted law, and its application to the facts in this case would entitle the plaintiff herein to have the judgment against him reversed, had he taken proper steps to that end. While a judgment rendered under such circumstances is erroneous, we have never yet held that it was absolutely void, nor do we know of any rule of law making it so. As long as the court has jurisdiction of the parties and the subject matter of the action, it has

jurisdiction to pronounce an erroneous judgment equally with one that is free from fault. Another matter which must be taken into consideration is that the record in this case does not contain the pleadings in the case of *Dill v. George,* in which the judgment sought to be enjoined was entered. It may be that the court was justified in entering a judgment upon the pleadings alone, in the absence of evidence, or that he construed the pleadings as requiring such action to be taken. If such were the case, it would be entirely immaterial where the evidence taken in the case was heard, and, if an error of the court in construing the pleadings gives the plaintiff in this action greater relief than they justified, this would not invalidate the judgment entered, nor render it subject to an attack in the manner attempted. A careful consideration of the case brings us to the conclusion that, in any aspect in which it may be viewed, the judgment sought to be enjoined is not absolutely void, but erroneous only, and not subject to collateral attack.

We recommend that the judgment of the district court be affirmed.

EPPERSON, GOOD and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.