DONALD W. BROWN, DOING BUSINESS AS DON AIR SERVICE, APPELLANT, v. VIRGINIA SHAMBERG, APPELLEE.

206 N. W. 2d 846

Filed April 27, 1973. No. 38733.

Laurice M. Margheim of Bump & Bump, for appellant.

Jack H. Myers of Van Steenberg, Myers & Burke, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

Plaintiff prosecutes this appeal from an adverse ruling on his motion for judgment notwithstanding the verdict, or alternatively for a new trial. Plaintiff, in

two separate causes of action, sought recovery from the defendant for damages to a helicopter. The first cause of action is predicated on alleged negligence. The second cause of action involved a check, allegedly given as a complete and final settlement of plaintiff's account, including the damages to the helicopter. The trial court entered a summary judgment for the defendant on the second cause of action. Subsequently, plaintiff's first cause of action was submitted to the jury, which returned a verdict for the defendant. We affirm.

The helicopter, which was equipped with dual controls, crashed while the defendant was receiving instruction from an instructor employed by the plaintiff. Plaintiff contends that defendant gave him a check for $14,054, $14,000 of which was to pay for the damage to the helicopter, and $54 to pay for flight instruction, but payment was stopped on the check before it was cashed. Defendant contends the check was given without consideration, within an hour after the crash, while she was under great emotional stress; that she broke down immediately after the check was given; and that she stopped payment on the check as soon as she reached home.

The only assignment of error argued in the brief pertains to the sustaining of the motion for summary judgment as to plaintiff's second cause of action. At the time the motion for summary judgment was filed. there were six depositions with exhibits on file. No bill of exceptions has been filed herein. Plaintiff, however, filed a supplemental transcript to which the depositions were attached. Plaintiff argues the depositions were duly offered into evidence for the purpose of the motion for summary judgment, and were considered by the trial court in rendering his decision to grant the summary judgment on the second cause of action. This raises the question as to whether or not their inclusion in the transcript is sufficient to permit their review in this court in the absence of a bill of exceptions.

We have repeatedly said that in the absence of a bill of exceptions no question will be considered, a determination of which requires an examination of the evidence produced in the District Court. Lange v. Kansas Hide & Wool Co. (1959), 168 Neb. 601, 97 N. W. 2d 246.

In Palmer v. Capitol Life Ins. Co. (1953), 157 Neb. 760, 61 N. W. 2d 396, defendant, to sustain its motion for summary judgment, offered an affidavit and a deposition in evidence. The motion was sustained. Plaintiff appealed, but did not file a bill of exceptions. In that case we said: "Any assignment of error that requires an examination of evidence cannot prevail on appeal in the absence of a bill of exceptions."

Plaintiff concedes that affidavits used as evidence on a hearing on a motion for summary judgment must be identified, offered in evidence, and embodied in a bill of exceptions as a prerequisite to their review on appeal. He argues, however, that section 25-1332, R. R. S. 1943, differentiates between affidavits and depositions. It is his contention that depositions are in the same category as pleadings and may be examined by the court, whether they are offered at a hearing or not, so they become for the purposes of the summary judgment statute a part of the record when filed. We do not agree. Depositions offered in evidence on a motion for summary judgment must be included in a bill of exceptions to be reviewed in this court on appeal.

While the defendant has argued other points which appear to have merit, the reasons given above are sufficient to dispose of the case. The judgment is affirmed.

AFFIRMED.