ARLYCE HANSON, APPELLANT AND CROSS-APPELLEE, v.
LELAND HANSON, APPELLEE AND CROSS-APPELLANT.
241 N. W. 2d 131

Filed April 21, 1976. No. 40388.

Philip T. Morgan, for appellant.

Patrick A. Brock of Winkle, Allphin & Brock, for appellee.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, and BRODKEY, JJ., and RICHLING, District Judge.

BOSLAUGH, J.

This is an appeal from the District Court for Nance County, Nebraska, in a proceeding upon an application for an increase in child support. The plaintiff was granted a divorce from the defendant by a judgment of that court on September 1, 1970. The decree awarded custody of the five minor children of the parties to the plaintiff together with child support in the amount of $140 per month.

On August 6, 1975, the plaintiff filed an application for an increase in child support. Over the objection of the defendant, the matter was heard in Platte County, Nebraska, on August 29, 1975. On September 9, 1975, the trial court increased the award of child support to $225 per month. The plaintiff has appealed and the defendant has cross-appealed.

The threshhold question is the right of the trial court to hear the application in Platte County over the objection of the defendant. It is well settled that a District Judge has no inherent judicial authority at chambers, and has only such authority or jurisdiction at chambers as is conferred by statute. Art. V, § 23, Constitution of Nebraska; Vasa v. Vasa, 163 Neb. 642, 80 N. W. 2d 696.

Section 24-303, R. R. S. 1943, provides in part: "All *terms of the district court shall be held at the county seat in the courthouse,* or other place provided by the county board, but nothing herein contained shall preclude the district court, or a judge thereof, from rendering a judgment or other final order or from directing the entry thereof in any cause, in any county other than where such cause is pending, *where the trial or hearing upon which such judgment or other final order is rendered took place in the county in which such cause is pending.*" (Emphasis supplied.)

Section 24-303, R. R. S. 1943, permits a District Judge to render a judgment or final order or direct the entry thereof in a different county, but the trial or hearing

must be held in the county where the cause is pending.

The District Court possesses jurisdiction only so long as it is holding court in conformity with the law; and when, without excuse, it disregards the law and attempts to hold court in any other place than that prescribed by statute, its acts become coram non judice. Shold v. Van Treeck, 82 Neb. 99, 117 N. W. 113. See, also, George v. Dill, 83 Neb. 825, 120 N. W. 447; Mueller v. Keeley, 163 Neb. 613, 80 N. W. 2d 707.

By a written stipulation, the parties could have authorized the matter to be heard and judgment entered in Platte County. § 24-317(2)(a), R. S. Supp., 1974. There was no such stipulation in this case.

It is unnecessary to discuss the other contentions of the parties. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.