ARLYCE HANSON, APPELLANT, V. LELAND HANSON,
APPELLEE.

254 N. W. 2d 699

Filed June 15, 1977. No. 41196.

Philip T. Morgan of Morgan & Morgan, for appellant.

Patrick A. Brock of Winkle & Brock, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MCCOWN, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

This is an appeal from an order of the District Court for Nance County, Nebraska, raising the child support payments to the appellant from $140 per month to $240 per month. We affirm the judgment of the District Court.

The appellant and appellee were granted a divorce on September 1, 1970, in the District Court for Nance County, Nebraska. The divorce decree gave custody of the minor children to the appellant and appellee was ordered to pay $140 a month child support. On August 6, 1975, the appellant filed an application for increase in child support with the District Court. On September 9, 1975, the District Court increased the child support payments from $140 to $225. That decision was appealed to this court by the appellant. We reversed on procedural grounds and remanded the cause to the District Court for fur-

ther proceedings. See Hanson v. Hanson, 195 Neb. 836, 241 N. W. 2d 131 (1976).

Subsequently, appellant filed an application for increase in child support with the District Court. The District Court entered an order increasing child support payments from $140 to $240 per month. The appellant again appeals to this court.

Actions to increase child support payments, being a continuation of and incident to a divorce action, are equitable in nature and are triable de novo in this court on the record made in the trial court. Johnson v. Johnson, 177 Neb. 445, 129 N. W. 2d 262 (1964).

Appellant argues, on appeal, that the increase in child support payments was inadequate. Any assignment of error which requires an examination of the evidence cannot prevail on appeal in the absence of a bill of exceptions. Brown v. Shamberg, 190 Neb. 171, 206 N. W. 2d 846 (1973). A bill of exceptions is the only vehicle for bringing evidence before this court. Dilsaver v. Pollard, 191 Neb. 241, 214 N. W. 2d 478 (1974). Evidence which does not appear in the record cannot be considered by this court on appeal. Schetzer v. Sullivan, 193 Neb. 841, 229 N. W. 2d 550 (1975).

No record was made in this case subsequent to the appellant's last appeal. In the absence of a bill of exceptions, review on appeal is limited to whether the pleadings support the judgment entered by the trial court. Phillippe v. Barbera, 195 Neb. 727, 240 N. W. 2d 50 (1976).

The judgment of the District Court is affirmed.

AFFIRMED.