VICKIE L. PEDERSEN, BY AND THROUGH OTTO PEDERSEN, HER FATHER AND NEXT FRIEND, APPELLANT, V. JOSIAH B. LAMBERT ET AL., APPELLEES.

260 N. W. 2d 483

Filed December 14, 1977. No. 41245.

James R. Welsh and E. Terry Sibbernsen of Riedmann & Welsh, for appellant.

Joseph K. Muesey of Fraser, Stryker, Veach, Vaughn, Muesey, Olson & Boyer, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. J.

This is an action initiated by Vickie L. Pedersen by and through Otto Pedersen, her father and next friend, against Josiah B. Lambert and Mary Ellen Lambert for personal injuries resulting from a fall by the plaintiff from a vehicle being operated by Josiah B. Lambert.

Following the initial pleadings, defendants filed a motion for summary judgment on the grounds that: (1) Plaintiff's petition did not allege gross negligence and the evidence showed that the plaintiff was a passenger in the motor vehicle being operated by the defendant Josiah B. Lambert, within the meaning of the Nebraska Guest Statute, section 39-740, R. R. S. 1943, then in effect (now § 39-6,191, R. R. S.

1943); and (2) the evidence viewed as a whole showed that as a matter of law the plaintiff assumed the risk of her injury and was contributorily negligent.

A hearing on the defendants' motion was held on December 9, 1976, and defendants' motion was sustained and plaintiff's petition dismissed. Subsequently, the plaintiff filed a motion for a new trial which was overruled and she now appeals. We affirm the judgment of the District Court.

On appeal the plaintiff contends that the District Court erred in granting defendants' motion for summary judgment. " 'The issue to be tried on a motion for summary judgment is whether or not there is a genuine issue as to any material fact, and not how that issue should be determined. In considering such a motion as in a motion for a directed verdict, the court should take that view of the evidence most favorable to the party against whom it is directed, giving to that party the benefit of all favorable inferences that may reasonably be drawn from the evidence. If, when so viewed, reasonable men might reach different conclusions, the motion should be denied and the case tried on its merits.' " Valentine Production Credit Assn. v. Spencer Foods, Inc., 196 Neb. 119, 241 N. W. 2d 541 (1976). In order for this court to determine whether the District Court correctly granted defendants' motion for summary judgment it is thus necessary for us to examine the evidence before the trial court at the time of its determination.

The record indicates that no bill of exceptions was filed in this case. In Hanson v. Hanson, 198 Neb. 675, 254 N. W. 2d 699 (1977), we quoted the applicable rules: "Any assignment of error which requires an examination of the evidence cannot prevail on appeal in the absence of a bill of exceptions. Brown v. Shamberg, 190 Neb. 171, 206 N. W. 2d 846 (1973). A bill of exceptions is the only vehicle for bringing

evidence before this court. Dilsaver v. Pollard, 191 Neb. 241, 214 N. W. 2d 478 (1974). Evidence which does not appear in the record cannot be considered by this court on appeal. Schetzer v. Sullivan, 193 Neb. 841, 229 N. W. 2d 550 (1975)."

In her amended petition, the plaintiff alleged that her injuries were the direct and proximate result of the negligence of the defendants. In their answer defendants alleged that the plaintiff was contributorily negligent and that she assumed the risk of her injuries. "In the absence of a bill of exceptions, review on appeal is limited to whether the pleadings support the judgment entered by the trial court. Phillippe v. Barbera, 195 Neb. 727, 240 N. W. 2d 50 (1976)." Hanson v. Hanson, *supra*.

The judgment of the District Court is affirmed.

AFFIRMED.