JUNE MARIE ROBBINS, APPELLEE, V. BRUCE EDWARD ROBBINS, APPELLANT.

361 N.W.2d 519

Filed February 1, 1985.    No. 83-901.

152

Herbert M. Sampson III of Sampson, Forney & Dobrovolny, for appellant.

Andrew J. McMullen of McMullen and Lowe, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

June Marie Robbins (petitioner) and Bruce Edward Robbins (respondent) were married on December 7, 1979, in Box Butte County, Nebraska. A child was born to the parties on July 22, 1981. Sometime after the marriage, the parties separated and each established a separate residence in Alliance, Box Butte County, Nebraska. On August 6, 1982, petitioner filed an action against respondent, seeking child support only, under the provisions of Neb. Rev. Stat. § 43-512.04 (Reissue 1984). This petition alleged that petitioner was receiving public welfare assistance. It apparently was prepared by the office of the county attorney in Box Butte County. On August 6, 1982, an agreement was filed in the case, signed by petitioner, respondent, and a deputy county attorney. This document stated in part, "The parties agree that the sum of $100.00 per month is to be paid to the Clerk of the District Court . . . for the support and maintenance of" the parties' child. On the same day, pursuant to a motion of the deputy county attorney, the district court for Box Butte County entered a judgment directing payment of $100 per month child support by respondent to petitioner. This order remains in effect and apparently has been complied with by respondent. It is undisputed that petitioner received public assistance payments for only 1 month and that all child support payments have gone directly to her.

Petitioner moved to Buffalo County sometime later. Respondent remained in Box Butte County. On June 22, 1983, petitioner filed an action in the district court for Buffalo County seeking dissolution of her marriage to respondent, division of property and debts, custody of the child, and child support. Respondent filed an answer generally admitting that the marriage of the parties was irretrievably broken and that the

petitioner was a proper person to have custody of the parties' child, but alleging that the matter of child support had been settled by agreement as reflected in a judgment of the district court for Box Butte County. On August 9, 1983, the district court for Buffalo County ordered temporary support payments of $150 per month and found that respondent should receive credit for any payments made thereafter in the Box Butte County case.

The action for dissolution was tried in Buffalo County. Respondent introduced into evidence, without objection, the record of the file of the proceedings in Box Butte County and took the position that the district court for Buffalo County was bound by the child support judgment in Box Butte County.

On October 26, 1983, the district court for Buffalo County filed its decree of dissolution of the marriage of the parties and provided therein for disposition of the parties' assets, gave custody of the child to petitioner, and ordered respondent to pay $150 per month child support beginning November 1, 1983.

Respondent filed a motion for new trial specifically raising the question that the amount of child support for the child of the parties had been set at $100 per month by the district court for Box Butte County and that the district court for Buffalo County was bound by that determination, which, respondent alleged, was res judicata of that issue between the parties so long as the Box Butte County order remained in effect; and that, in any event, the district court for Buffalo County could not raise the level of child support without a showing of changed circumstances. The motion for new trial was overruled, and this appeal was timely taken. On appeal respondent assigns as error the same issues raised in his motion for new trial. For reasons hereinafter stated we generally affirm the order of the trial court but modify the order for the payment of child support.

Upon the filing of petitioner's petition for dissolution of her marriage to respondent in the district court for Buffalo County, and upon the proper service of process on respondent, the Buffalo County District Court obtained full jurisdiction over the parties and over the subject matter of that litigation. That subject matter is the marriage between the parties and the

requested dissolution of that marriage. The Buffalo County dissolution action was brought under the provisions of Neb. Rev. Stat. §§ 42-347 to 42-379 (Reissue 1984). Section 42-351(1) provides:

> In proceedings under sections 42-347 to 42-379, the court shall have jurisdiction to inquire into such matters, make such investigations, and render such judgments and make such orders, both temporary and final, as are appropriate concerning the status of the marriage, the custody and support of minor children, the support of either party, the settlement of the property rights of the parties, and the award of costs and attorneys' fees.

It is clear that by this statute full and complete general jurisdiction over the entire marital relationship and all related matters, including child custody and support, is vested in the district court in which a petition for dissolution of a marriage is properly filed.

Accordingly, the district court for Buffalo County may make an independent evaluation as to child support, and the need for and amount of such support. This order, however, must take into account and give effect to the earlier child support allowance entered by the Box Butte County District Court. The amount of child support entered in this Buffalo County case is $150 per month. We have reviewed the record de novo and determine that the trial court did not abuse its discretion in setting the child support amount at that figure. See *Guggenmos v. Guggenmos*, 218 Neb. 746, 359 N.W.2d 87 (1984). In paying that amount, however, respondent is entitled to credit on such judgment for all amounts paid pursuant to the Box Butte County District Court judgment, so long as that judgment remains in effect. In other words, respondent is to pay a total of $150 per month in child support, and so long as he does so he will satisfy the Box Butte County support order and the Buffalo County support order.

The remainder of the order and judgment of the Buffalo County District Court is affirmed. Costs are taxed to petitioner. Each party shall pay his or her own attorney fees in this court.

AFFIRMED AS MODIFIED.

GRANT, J., dissenting.

I respectfully dissent.

By taking advantage of available Nebraska statutes, petitioner has obtained two judgments against respondent— one in Box Butte County for $100 per month child support and one in Buffalo County for $150 per month child support. The record shows that although respondent is apparently now current on his Box Butte County judgment, he has in the past been cited for contempt of court in both counties for failure to pay child support. This result is obviously not just or equitable, and is not in conformity with Nebraska law.

Petitioner had the Box Butte County judgment in full force and effect when she sought further equitable relief from the district court for Buffalo County by seeking dissolution of her marriage to respondent. The petitioner could have satisfied and obtained a release of the Box Butte County child support judgment, but did not. The respondent could have applied for relief in the Box Butte County District Court, but did not. The district court for Box Butte County could not (except at the request of a party) afford any relief. The district court for Buffalo County could not in any way change the Box Butte County judgment. In this situation I would hold that, while the district court for Buffalo County has jurisdiction over all aspects of the dissolution of marriage case between these litigants, the district court for Buffalo County must give full force and effect to the child support judgment of the district court for Box Butte County as determined by that court pursuant to Neb. Rev. Stat. § 43-512.04 (Reissue 1984).

The Box Butte County District Court had full jurisdiction over the parties, both of whom resided in that county and both of whom subjected themselves to the jurisdiction of the Box Butte County District Court. The Box Butte County District Court also had jurisdiction over the subject matter under § 43-512.04. It is clear that § 43-512.04 is a statute included in article 5 of chapter 43 and that this chapter deals primarily with problems connected with aid to dependent children. Article 5, however, is entitled "Assistance for Certain Children," and expressly covers the situation presented in this case, where a parent has engaged the services of the local county attorney to obtain child support from a parent against whom no

dissolution action is pending. Petitioner received the child support payments under the Box Butte judgment and has not received any further welfare payments. This procedure is specifically referred to in Neb. Rev. Stat. § 43-512.01 (Reissue 1984), which directs the county attorney to file a civil petition against a nonsupporting parent in certain instances, and in Neb. Rev. Stat. § 43-512.02(1) (Reissue 1984), which requires that "the same child support collection . . . services as are provided to dependent children" be made available to "[a]ny child, or any relative of such a child."

Venue in Box Butte County was proper. The Box Butte County judgment is in effect and binding on these parties until such time as it is fully satisfied or otherwise disposed of. While it is in full force and effect, it is a bar to further litigation of the child support issue except as that child support judgment may be modified pursuant to appropriate Nebraska statutes.

It is clear that a child support judgment, whether based on an agreement of the parties or a judgment rendered after trial, may be modified. See, *Gray v. Gray*, 192 Neb. 392, 220 N.W.2d 542 (1974); *Pfeiffer v. Pfeiffer*, 201 Neb. 56, 266 N.W.2d 82 (1978). It is also settled that an application to modify a child support award cannot be heard in a county other than the county in which the child support proceeding is pending, except that the parties may stipulate that a case may be heard in any county pursuant to Neb. Rev. Stat. § 24-734(1)(a) (Cum. Supp. 1984). *Hanson v. Hanson*, 195 Neb. 836, 241 N.W.2d 131 (1976).

I can see no reason to treat a child support judgment rendered under § 43-512.04 any differently than a child support judgment rendered pursuant to Neb. Rev. Stat. § 42-364 (Reissue 1984), or, for that matter, differently than any other judgment. With apologies to Gertrude Stein, "A judgment is a judgment is a judgment." The Legislature has provided two separate procedures through which a child support judgment may be obtained, and the binding effect of child support judgments obtained in either way is conclusive on any later proceedings on the same issue between the same parties. Accordingly, the child support judgment rendered in Box Butte County is res judicata on the child support issue in the later proceedings between the same parties, so long as the Box Butte

County judgment remains in effect. If that judgment is terminated, of course, a different case is presented. So long as the Box Butte County judgment remains prospectively effective, that judgment may be modified only through appropriate procedures in Box Butte County.

I would affirm the judgment of the district court for Buffalo County in all respects, except that I would vacate the portion of the judgment providing for child support. I would tax all costs and attorney fees in this court to petitioner, since it has been the voluntary choice of petitioner to present this problem to two district courts and this court.

CAPORALE and SHANAHAN, JJ., join in this dissent.