**PETERSON**

v.

**PETERSON.**

Court of Common Pleas of Ohio,
Wood County.

No. 93–FS–001.

Decided June 21, 1999.

*Rayle, Matthews & Coon* and *Frederic E. Matthews,* for plaintiff Deborah Peterson.

*Marcin & Dunipace* and *John M. Dunipace,* for defendant Mark Peterson.

REEVE KELSEY, Judge.

On February 1, 1998, Magistrate James Sharp issued a magistrate's decision addressing five issues:

1. Should the law of the parties' original divorcing state (Nebraska) or the law of Ohio be the source for decisions related to the current post-divorce motions?

2. Is defendant's spousal support obligation subject to modification, and, if so, to what amount should it be modified?

3. Depending upon the answer to No. 2 above, what is the current amount of defendant's arrearage in both child support and spousal support?

4. How shall the amount be paid?

5. Is plaintiff entitled to attorney fees, and, if so, in what amount?

On February 12, 1999, the defendant filed objections to the magistrate's decision of February 1, 1999. On March 3, 1999, the plaintiff filed a response to defendant's objections and plaintiff's objections to magistrate's decision. The court will address these matters in numerical order.

## I. NEBRASKA LAW CONTROLS THE FUNDAMENTAL NATURE OF THE DIVORCE DECREE

█ The defendant contends, and this court agrees, that the magistrate erred when he found that Ohio law controls the issue of whether the defendant's spousal support is modifiable as a matter of law. The parties in this matter were divorced in the state of Nebraska in 1988. In November 1993, pursuant to R.C. 3115.32, plaintiff registered the Nebraska divorce decree in Wood County, Ohio. The magistrate found that "[w]ith one exception, at no time since the registration of their Decree in 1993, has either party contested the jurisdiction of Ohio, or questioned the use of Ohio law in resolving their disputes. The exception appears to be the age of emancipation for the parties' children," and the magistrate concluded that this application of Nebraska law was "not sufficiently indicative to manifest an intent to judge all future disputes by the law of Nebraska."

Neb.Rev.Stat. 42–351(1) provides that in divorce actions:

"The court shall have jurisdiction to inquire into such matters, make such investigations, and render such judgments and make such orders, both temporary and final, as are appropriate concerning the status of the marriage, the custody and support of the minor children, the support of either party, the settlement of the property rights of the parties, and the award of costs and attorneys' fees."

" 'It is clear that by this statute full and complete general jurisdiction over the entire marital relationship and all related matters, including child custody and support, is vested in the district court in which a petition for dissolution of a marriage is properly filed.' " *Nemec v. Nemec* (1985), 219 Neb. 891, 892, 367 N.W.2d 705, 706, quoting *Robbins v. Robbins* (1985), 219 Neb. 151, 154, 361 N.W.2d 519, 521. "An application to modify the terms of a decree of divorce is not an independent proceeding." *Id.* Therefore, " '[a] judgment is a matter of record, and can only be changed, set aside or modified by the court by whose authority the record is made, or by the direction of a court of higher jurisdiction in proceedings to review the judgment. If this were not so, chaos would result.' " *Id.* at 893, 367 N.W.2d at 707, quoting *Rasmussen v. Rasmussen* (1936), 131 Neb. 724, 726, 269 N.W. 818, 819.

In other words, Nebraska would apply Nebraska's substantive law to determine whether the spousal support is subject to modification because only the court where the divorce decree was originally entered would have subject matter jurisdiction to modify the decree. However, R.C. 3115.32(G) (part of Ohio's URESA statute) "implicitly grants subject matter jurisdiction to Ohio courts to modify foreign support orders, once they have been registered." *Berry v. Berry* (July 28, 1993), Montgomery App. No. 13746, unreported, 1993 WL 295096. As a result, of the two propositions found in Nebraska law—(1) that the court which files the original judgment entry has exclusive jurisdiction to modify the decree and (2) therefore, Nebraska law controls whether the decree is subject to modification—only the second proposition survives the adoption of the Uniform Reciprocal Enforcement of Support Act ("URESA").

It has become the subject of some confusion that both parties have consented to *in personam* jurisdiction in Ohio but have previously used both Ohio and Nebraska law to decide various issues. Apparently for this reason, the magistrate's February 1, 1999 decision implies that the parties have waived issues of jurisdiction and, therefore, have also waived the right to apply Nebraska law. However, while the parties can properly waive jurisdiction for the purpose of enforcing a sister state's decree, see *Lewis v. Lewis* (Mar. 18, 1997), Franklin App. No. 96APF07–868, unreported, 1997 WL 128566, R.C. 3115.03, and 3115.16(B), they *cannot* waive *Nebraska's* right to the full faith and credit of its laws. The right to have judicial decisions recognized by sister states is a right that is constitutionally vested in the state, not in the parties to the suit.[1] While Ohio is permitted to use its own law to enforce foreign support orders under

---

1. The Full Faith and Credit Clause of the United States Constitution, Section 1, Article IV, provides: "Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State."

URESA (R.C. 3115.01 through 3115.34), see *State ex rel. Flynn v. Flynn* (Nov. 2, 1994), Greene App. No. 94–CA–05, unreported, 1994 WL 603204, URESA *cannot* preempt the principles of full faith and credit as they apply to recognition of the original judgment. The previous use of Ohio law for some purposes and the previous use of Nebraska law for other purposes is understandable. Ohio can use its own law to enforce support orders, but it cannot use Ohio law to rewrite the original decree. The age of majority, for example, is a substantive matter of the original decree, while how the payments are made to the child and what repercussions result from nonpayment are enforcement issues which fall under the purview of URESA.

■    Likewise, whether the decree is, by its very nature, subject to modification is a substantive matter of the original decree, not merely a matter of enforcing it. The "local law of the State of rendition will be applied to determine whether the judgment is modifiable and, if so, in what respects." Restatement of the Law 2d, Conflict of Laws (1989), Section 109, Comment *b*. See, also, *Barber v. Barber* (1944), 323 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82. Therefore, this court must apply Nebraska law to conclude whether the original jurisdiction intended the decree to be subject to future modification.

II.  DEFENDANT'S SPOUSAL SUPPORT OBLIGATION IS SUBJECT TO MODIFICATION AT THE ELECTION OF THE COURT OR MAGISTRATE

■    Nebraska law does not require a specific reservation in a divorce decree to render spousal support subject to modification. Neb.Rev.Stat. 42–365. Under Nebraska law, an unexpected and material change in income is a sufficient justification for a change or modification in spousal support. *Northwall v. Northwall* (1991), 238 Neb. 76, 469 N.W.2d 136.

■    In contrast, R.C. 3115.32(G) provides that a "registered support order shall be treated in the same manner as a support order issued by a court of this state. It has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a support order of this state and may be enforced and satisfied in like manner." The magistrate concluded that this language means that the Nebraska divorce decree is not subject to modification because the decree does not reserve the right to modify support, as is required under R.C. 3105.18(E)(1). This court respectfully disagrees. While it is appropriate to apply Ohio R.C. 3105.18(F) to determine whether modification actually occurs, Ohio cannot apply R.C. 3105.18(E)(1) to deny the valid intent of the original judgment. To do so would violate the Full Faith and Credit Clause of the United States Constitution, Section 1, Article IV.[2]

---

2.   This is clearly a matter of federalism, not a personal liberty.

██ IT IS THEREFORE ORDERED ADJUDGED AND DECREED that R.C. 3105.18(E)(1) is not, *per se*, a bar to modification of spousal support. Pursuant to the law under which it was originally written and entered, the 1988 award of spousal support is subject to modification. Whether the support award is, in fact, modified will be controlled by the standards for modification found in Ohio law.

### III. THE CURRENT AMOUNT OF DEFENDANT'S ARREARAGE IN BOTH CHILD SUPPORT AND SPOUSAL SUPPORT SHALL BE CALCULATED AS OUTLINED IN THE MAGISTRATE'S DECISION

██ "A decree for support payable in the future is considered as to installments past due and unpaid a final judgment and is entitled to full faith and credit with respect thereto." *Dutilly v. LaFrinere* (Mar. 26, 1986), Athens App. No. 1261, unreported, 1986 WL 4222.

IT IS THEREFORE ORDERED ADJUDGED AND DECREED that, for reasons more fully discussed above, past due support and arrearage will be calculated pursuant to Ohio law and the magistrate's decision of February 1, 1998.

### IV. ARREARAGES WILL BE AWARDED IN THE FORM OF A LUMP SUM JUDGMENT AGAINST THE DEFENDANT

The plaintiff apparently requested a lump sum payment of arrearage and the magistrate granted a lump sum payment of arrearage. This court finds no reason to disturb the magistrate's order.

### V. AWARD OF ATTORNEY FEES IS TO BE REDUCED

The magistrate found plaintiff entitled to attorney fees in the amount of $3,187.70. The magistrate found the fees to be reasonable and ordered them paid in a lump sum. This court finds no reason to disturb the magistrate's finding of reasonableness. However, in plaintiff's response to defendant's objections and plaintiff's objections to magistrate's decision, plaintiff states that an error was

---

Restatement of the Law 2d, Conflict of Laws (1971), Section 109(1), states that "[a] judgment rendered in one State of the United States need not be recognized or enforced in a sister State insofar as the judgment remains subject to modification in the State of rendition either as to sums that have accrued and are unpaid or as to sums that will accrue in the future." This court has considered the possibility that Ohio could refuse to recognize or enforce the Nebraska decree altogether. It seems quite another matter, however, to recognize and enforce the decree in its full and literal terms while denying full faith and credit to the meaning and intent that Nebraska places behind those same terms of the decree.

made in the original billing statement and affidavit, which tallied the bill at $3,187.70. Plaintiff states that the corrected amount should be $2,737.78.

IT IS THEREFORE ORDERED ADJUDGED AND DECREED that plaintiff is granted a lump sum judgment in the reduced amount of $2,737.78.

*Judgment accordingly.*