Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/16/2017 09:13 AM CDT

Michael P. Burns, appellee, v.
Kerry E. Burns, appellant.
___ N.W.2d ___

Filed March 24, 2017.    No. S-16-491.

1. **Motions to Vacate: Time: Appeal and Error.** The decision to vacate
   an order any time during the term in which the judgment is rendered is
   within the discretion of the court; such a decision will be reversed only
   if it is shown that the district court abused its discretion.
2. **Judgments: Words and Phrases.** An abuse of discretion occurs when
   the trial court's decision is based upon reasons that are untenable or
   unreasonable or if its action is clearly against justice or conscience,
   reason, and evidence.
3. **Courts: Motions to Vacate.** Although a court's decision to vacate an
   order is discretionary, this discretion is not an arbitrary one. It must be
   exercised reasonably and depends upon the facts and circumstances in
   each case as shown by the record.
4. **Jurisdiction: Venue: Words and Phrases.** Jurisdiction is the inherent
   power or authority to decide a case; venue is the place of trial of an
   action—the site where the power to adjudicate is to be exercised.
5. **Statutes: Presumptions: Legislature: Intent.** In interpreting a statute,
   a court is guided by the presumption that the Legislature intended a
   sensible rather than absurd result in enacting the statute.
6. **Trial: Venue: Parties: Stipulations.** Absent statutory authority to the
   contrary or a written stipulation or oral stipulation on the record by all
   parties, trials and evidentiary hearings must be conducted in the county
   in which they are pending.

Appeal from the District Court for Adams County: James E.
Doyle IV, Judge. Reversed and remanded with directions.

Matt Catlett, of Law Office of Matt Catlett, for appellant.

Robert M. Sullivan, of Sullivan Shoemaker, P.C., L.L.O., for appellee.

WRIGHT, MILLER-LERMAN, CASSEL, STACY, KELCH, and FUNKE, JJ.

KELCH, J.

## NATURE OF CASE

This case requires this court to determine whether Neb. Rev. Stat. § 24-303 (Reissue 2016) authorizes a district court sitting in one county to order a party in a contempt proceeding to appear in another county to show cause for why she should not be held in contempt. We conclude it does not and therefore reverse the court's order and remand the cause.

## FACTS

As an initial matter, we note that the district court judge handling this case is the Honorable James E. Doyle IV. Although Judge Doyle is a district court judge for the 11th Judicial District, this court appointed him to serve as the district court judge for the 10th Judicial District for the limited purpose of handling Burns v. Burns, case No. CI03-248. This was done because one of the parties, Michael P. Burns, served as a county court judge for the 10th Judicial District, thus creating a conflict of interest.

Michael and Kerry E. Burns divorced in 2004. Since the divorce decree was issued, there have been several modifications and appeals.[1] This particular appeal involves a contempt proceeding between the parties, which was pending before the district court for Adams County.

On January 6, 2016, Judge Doyle, acting as the district court judge for Adams County, issued an order requiring Kerry to appear in the Dawson County District Court in Lexington, Nebraska, on February 12 and show cause why she should not be held in contempt for refusing to comply with prior orders. On January 19, an affidavit of service of process was filed in

---

[1] See *Burns v. Burns*, 293 Neb. 633, 879 N.W.2d 375 (2016).

the district court for Adams County, reflecting that Kerry had been personally served in Wichita, Kansas. Ultimately, Kerry did not appear for the show cause hearing, but an evidentiary hearing was nevertheless held in Dawson County.

On February 24, 2016, the district court entered an order finding Kerry in contempt and sanctioning her therefore to 10 days in jail. The order also contained a purge plan.

On March 3, 2016, Kerry moved the district court to vacate its February 24 order on the basis that the court did not have authority to hold an evidentiary hearing outside of the county in which it was sitting.

On April 14, 2016, the district court issued an order in which it found that it did have authority to hold the hearing outside of the county and therefore overruled Kerry's motion to vacate. Kerry appeals from that order.

## ASSIGNMENT OF ERROR

Kerry's sole assignment of error is that the district court erred in overruling her motion to vacate, because the January 6 and February 24, 2016, orders are void.

## STANDARD OF REVIEW

[1-3] The decision to vacate an order any time during the term in which the judgment is rendered is within the discretion of the court; such a decision will be reversed only if it is shown that the district court abused its discretion.[2] An abuse of discretion occurs when the trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.[3] Although a court's decision to vacate an order is discretionary, this discretion is not an arbitrary one. It must be exercised reasonably and depends upon the facts and circumstances in each case as shown by the record.[4]

---

[2] *Hartman v. Hartman*, 265 Neb. 515, 657 N.W.2d 646 (2003).

[3] *Id.*

[4] *Talkington v. Womens Servs.*, 256 Neb. 2, 588 N.W.2d 790 (1999).

## ANALYSIS

We first address Michael's claim that Kerry waived the issue of whether the January 6 and February 24, 2016, orders should be vacated because she did not appeal from the January 6 and February 24 orders. Kerry asserts that both of those orders are void for want of jurisdiction and that thus, she can attack them at any time in any proceeding.[5] Rather than being a jurisdictional issue, Michael contends that the court's ability to hold an evidentiary hearing outside the county in which it sits is a venue issue and therefore may be waived.

[4] However, we conclude that the issue presented is clearly one of jurisdiction. Jurisdiction is the inherent power or authority to decide a case; venue is the place of trial of an action—the site where the power to adjudicate is to be exercised.[6] Here, Kerry is not questioning whether the place of trial action was proper under Neb. Rev. Stat. § 25-403.01 (Reissue 2016); instead, she questions Judge Doyle's authority in this case to order her to appear outside Adams County and to hold an evidentiary hearing outside Adams County. Accordingly, this appeal presents a jurisdictional issue. As we shall discuss below, we find that both orders are void for want of jurisdiction and that thus, Kerry has not waived the issue by failing to appeal from those orders.

First, we examine the authority granted to a district judge in Nebraska. The powers of a district judge commence with article V of the Nebraska Constitution. Section 1 vests the judicial power of the state in "a Supreme Court, an appellate court, district courts, county courts, in and for each county, with one or more judges for each county or with one judge for two or more counties, as the Legislature shall provide," as well as "other courts inferior to the Supreme Court as may be created by law." As section 11 states, "The Legislature may

---

[5] See, *In re Estate of Evertson*, 295 Neb. 301, 889 N.W.2d 73 (2016); *Ryan v. Ryan*, 257 Neb. 682, 600 N.W.2d 739 (1999).

[6] *Blitzkie v. State*, 228 Neb. 409, 422 N.W.2d 773 (1988).

change the number of judges of the district courts and alter the boundaries of judicial districts."

Of relevance to this case, section 12 provides that "[t]he judges of the district court may hold court for each other and *shall do so when required by law or when ordered by the Supreme Court*." Here, as explained above, Judge Doyle, the district court judge for the 11th Judicial District, was ordered by this court to serve as a district court judge for the 10th Judicial District for the limited purpose of adjudicating the case of Burns v. Burns, case No. CI03-248, in the district court for Adams County, which is in the 10th Judicial District.[7] Although the order of appointment was not part of this record, this court has the right to examine its own records and take judicial notice of its own proceedings and judgments in the former action.[8]

Although Judge Doyle is still serving as a district judge in the 11th Judicial District due to his original appointment to the bench, his powers as district judge in each appointment were separate and distinct. Accordingly, Judge Doyle's authority to act in the case of Burns v. Burns was the same and not greater than any other judge serving Adams County.

Kerry claims that Judge Doyle acted outside his authority as a district court judge for Adams County when he ordered her to appear in Dawson County and held the contempt hearing there. Section 24-303 sets forth where the terms of the district court are to be held. It provides:

(1) The judges of the district court shall, the last two months in each year, fix the time of holding terms of court in the counties composing their respective districts during the ensuing year, and cause the same to be published throughout the district, if the same can be done without expense. All jury terms of the district court shall be held at the county seat in the courthouse, or other place provided by the county board, but nothing herein

---

[7] See Neb. Rev. Stat. § 24-301.02 (Reissue 2016).

[8] See *State v. Marshall*, 272 Neb. 924, 725 N.W.2d 834 (2007).

contained shall preclude the district court, or a judge thereof, from rendering a judgment or other final order or from directing the entry thereof in any cause, in any county other than where such cause is pending, where the trial or hearing upon which such judgment or other final order is rendered took place in the county in which such cause is pending. Terms of court may be held at the same time in different counties in the same judicial district, by the judge of the district court thereof, if there be more than one, and upon request of the judge or judges of such court, any term in such district may be held by a judge of the district court of any other district of the state. The Supreme Court may order the assignment of judges of the district court to other districts whenever it shall appear that their services are needed to relieve a congested calendar or to adjust judicial case loads, or on account of the disqualification, absence, disability, or death of a judge, or for other adequate cause. When necessary, a term of the district court sitting in any county may be continued into and held during the time fixed for holding such court in any other county within the district, or may be adjourned and held beyond such time.

(2) All nonevidentiary hearings, and any evidentiary hearings approved by the district court and by stipulation of all parties that have filed an appearance, may be heard by the court telephonically or by videoconferencing or similar equipment at any location within the judicial district as ordered by the court and in a manner that ensures the preservation of an accurate record. Such hearings shall not include trials before a jury. Hearings conducted in this manner shall be consistent with the public's access to the courts.

As noted by the district court, § 24-303 was amended in 2008.[9] There were two changes. First, subsection (2) was added. That subsection authorizes the use of telephone,

---

[9] See 2008 Neb. Laws, L.B. 1014, § 1.

videoconferencing, or similar equipment under certain circumstances. However, it specifically prohibits the use of such equipment in jury trials. The second change was that the term "jury" was added between the words "All" and "terms of the district court," so that the sentence reads: "All jury terms of the district court shall be held at the county seat in the courthouse . . . ."[10]

Obviously, § 24-303(2) does not apply to this case. The contempt hearing at issue was not heard telephonically, by videoconferencing, or any other equipment.

Instead, the issue here concerns the addition of the word "jury" to § 24-303(1). Because of that addition, the district court concluded that § 24-303 no longer specifies where nonjury terms of the court are to be held. On the other hand, Kerry contends that by adding the word "jury," the Legislature did not intend for the district judge to hold an evidentiary hearing at any location.

A careful reading of the remainder of § 24-303(1), which was not amended in 2008, reveals that all nonjury trials and hearings, except those conducted pursuant to § 24-303(2), must take place in the county in which the cause is pending (hereinafter referred to as "the pending county" for ease of discussion). Section 24-303 states, in relevant part:

> [N]othing herein contained shall preclude the district court . . . from rendering a judgment . . . in *any cause*, in any county other than where such cause is pending, *where the trial or hearing upon which such judgment or other final order is rendered took place in the county in which such cause is pending.*[11]

Based on this language, § 24-303(1) permits a district court to render a judgment outside the pending county. But this can be done only when the trial or evidentiary hearing upon which that judgment is based was held in the pending county, which, in this case, was Adams County.

---

[10] See *id.*

[11] § 24-303(1) (emphasis supplied).

[5,6] In interpreting a statute, a court is guided by the presumption that the Legislature intended a sensible rather than absurd result in enacting the statute.[12] If we accepted Michael's interpretation of § 24-303(1)—that nonjury trials and hearings can be held anywhere, then the statute would allow a district judge handling a case in Omaha, Nebraska, to simply decide to hold an evidentiary hearing in Scottsbluff, Nebraska. This result would present due process concerns and is clearly not what the Legislature intended. Accordingly, we hold that absent statutory authority to the contrary or a written stipulation or oral stipulation on the record by all parties, trials and evidentiary hearings must be conducted in the county in which they are pending.

We note that this holding is supported by the legislative history of § 24-303. Although the Legislature's intent in adding the term "jury" to § 24-303(1) is unclear from the language of the statute itself, legislators' testimony before the Judiciary Committee is helpful. In discussing the addition of subsection (2), legislators were adamant that under the amended statute, jury trials would *not* be conducted by video conferencing or telephone.[13] So it appears that out of an abundance of caution, in addition to stating in subsection (2) that "[s]uch hearings shall not include trials before a jury," subsection (1) was amended to emphasize that jury terms must be conducted in the county court house or other place provided by the county board, rather than by videoconferencing or otherwise. There was no discussion of allowing district courts to hold nonjury trials or evidentiary hearings outside their county of origin.

Although neither party cited Neb. Rev. Stat. § 24-734 (Reissue 2016), we mention it since at least prior to its 2013 amendment, it provided authority for judges, including

---

[12] *Concrete Indus. v. Nebraska Dept. of Rev.*, 277 Neb. 897, 766 N.W.2d 103 (2009).

[13] See Judiciary Committee Hearing, L.B. 1014, 100th Leg., 2d Sess. 31, 36 (Feb. 6, 2008).

district court judges, to perform certain acts at chambers any-where within the state. But neither the preamendment nor the current version of § 24-734 would extend to matters involving testimony of witnesses by oral examination where the parties did not consent, such as the contempt hearing at issue here. Accordingly, this statute does not provide any assistance in this instance.

Applying § 24-303, we conclude that the district court did not act in conformity with the law when it ordered Kerry to appear in Dawson County and held the contempt hearing there, because Dawson County is outside the pending county of Adams County. We have said that a district court possesses jurisdiction only so long as it is holding court in conformity with the law; and when, without excuse, it disregards the law and attempts to hold court in any other place than that prescribed by statute, its acts become coram non judice.[14] Accordingly, the January 6 and February 24, 2016, orders are void, and the district court abused its discretion in overruling Kerry's motion to vacate the February 24 order.

## CONCLUSION

For the reasons set forth above, the district court abused its discretion by overruling Kerry's motion to vacate. We hereby reverse the order overruling Kerry's motion to vacate and remand the cause with directions to grant the motion to vacate and set a new show cause hearing in Adams County.

REVERSED AND REMANDED WITH DIRECTIONS.

HEAVICAN, C.J., not participating.

_____

[14] *Hanson v. Hanson*, 195 Neb. 836, 241 N.W.2d 131 (1976).