IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

MISE V. MISE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

JOSEPH K. MISE, APPELLEE,

V.

SYLVIA B. MISE, APPELLANT.

Filed August 2, 2022.    No. A-21-810.

Appeal from the District Court for Sarpy County: NATHAN B. COX, Judge. Affirmed.

John F. Eker III and Barbara J. Prince for appellant.

Van A. Schroeder, of Bertolini, Schroeder & Blount, for appellee.

PIRTLE, Chief Judge, and BISHOP and ARTERBURN, Judges.

PIRTLE, Chief Judge.

## INTRODUCTION

Sylvia B. Mise appeals from the Sarpy County District Court's denial of her motion to vacate the court's order modifying the parties' decree of dissolution. Based on the reasons that follow, we affirm.

## BACKGROUND

Sylvia filed a complaint to modify the parties' decree of dissolution in August 2019, and Joseph K. Mise filed an answer and counterclaim. The matter was set for trial on March 25 and 26, 2021.

On March 15, 2021, Sylvia's counsel filed a motion to withdraw. A hearing was held on the motion and the motion was granted on March 17. At the hearing Sylvia asked for two months to find new counsel. The trial court denied that request and gave her two weeks to obtain new

counsel. The trial court stated that it was leaving the trial dates in place and indicated that if Sylvia obtains new counsel, he or she can file a motion to continue if necessary.

On March 24, 2021, Sylvia filed a pro se motion for continuance, stating that she had secured an appointment with new counsel on April 13, as he was out of town until April 12. A hearing on the motion was not scheduled.

On March 25, 2021, the day trial was scheduled to begin, Sylvia was not present. The court noted that Sylvia had filed a motion for continuance but no hearing date had been set. Joseph objected to the continuance, arguing that no evidence was provided pursuant to the motion, there was no notice of a hearing, and Sylvia was not present. Joseph's counsel also stated that Sylvia has had five different attorneys and this new one would be her sixth attorney. He further stated that after mid-April he would be unavailable to represent Joseph due to a year-long military deployment, thereby making a further continuance a burden on Joseph in having to start over with a new attorney.

The court then noted that the complaint to modify was filed in August 2019 and it recapped the prior motions for continuance in the case, as well as Sylvia's request for stay based on her military service. The court also noted that Sylvia was not present and there was no scheduled hearing on her motion to continue. The court denied Sylvia's motion for continuance and proceeded to trial without Sylvia's presence. It subsequently entered an order of modification on March 29, 2021.

On April 15, 2021, Sylvia filed a "Motion to Set Aside" asking the court to vacate or modify its March 29 order. At a hearing on the motion, Sylvia's attorney argued that Sylvia went to the clerk of the district court and asked how to file a motion to continue. Counsel stated that Sylvia filled out a form with the clerk and that nothing was said to her about a notice of hearing. The clerk indicated she would take the form to the judge and Sylvia believed that was all she needed to do and that a continuance would be granted.

Sylvia's counsel also took issue with opposing counsel's statement at the beginning of trial that Sylvia had five previous attorneys and was just causing delay. He explained that she has only had one attorney throughout the entire modification proceedings. He also noted that any prior continuances Sylvia requested were due to her active military duty.

An affidavit of Sylvia was offered and received into evidence for purposes of the motion to vacate. Sylvia's statements were consistent with what her counsel argued. Specifically, the affidavit stated that the clerk's office provided her a form, assisted her in filling it out, indicated it "looked ok," and she would get it to the judge. The affidavit also stated that Sylvia emailed a copy of the form to Joseph's counsel. The affidavit further stated Sylvia thought she had done what she needed to do and believed she would be granted a continuance. She was not told that she still had to appear in court the next day. Her affidavit stated that had she been advised that she also needed to set the motion for hearing, she would have been present for trial and her motion.

Sylvia's affidavit further stated that she had one attorney throughout the modification process, and that the motion for continuance at issue was the first one she had asked for that was not related to her active military duty.

Following the hearing, the court entered an order on September 10, 2021, denying Sylvia's motion to vacate the order modifying the dissolution decree. Sylvia filed a notice of appeal on October 5, appealing the September 10 order denying her motion to vacate.

## ASSIGNMENTS OF ERROR

Sylvia assigns that the trial court erred in (1) denying her motion to set aside, (2) removing her final decision making authority, awarding Joseph joint legal and physical custody, and disproportionately awarding Joseph more summer vacation time, (3) entering an order of modification with a child support provision that failed to comply with Nebraska law and refusing to order any proportionally shared expense provisions, and (4) entering an order of modification that was never pled by Joseph, depriving Sylvia of her due process rights.

## STANDARD OF REVIEW

The decision to vacate an order any time during the term in which the judgment is rendered is within the discretion of the court; such a decision will be reversed only if it is shown that the district court abused its discretion. *Burns v. Burns*, 296 Neb. 184, 892 N.W.2d 135 (2017). An abuse of discretion occurs when the trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.* Although a court's decision to vacate an order is discretionary, this discretion is not an arbitrary one. It must be exercised reasonably and depends upon the facts and circumstances in each case as shown by the record. *Id.*

## ANALYSIS

Sylvia first assigns that the trial court erred in denying her motion to set aside, or motion to vacate, because her motion for continuance filed the day before trial should have been granted.

She argues that she offered evidence at the hearing on her motion to vacate that she mistakenly believed the trial date had been continued and she did not know she had to appear for court on March 25, 2021. Sylvia claims it is apparent from the record that she did not simply fail to show up for trial, but rather, did not know that she needed to come to court that day. As such, she contends there was no rational basis to deny the motion to vacate because she had good cause for missing the trial.

Sylvia also claims that the court incorrectly attributed prior continuances solely to her; Joseph's attorney misled the court by stating that Sylvia had five previous attorneys; and the court relied on Joseph's attorney's claim that she dismissed her prior attorney shortly before the March 25, 2021, trial to delay matters.

The record shows that the motion for modification had been pending since August 2019 and there had been numerous delays and continuances. Trial was finally going to take place in March 2021. Sylvia's counsel at the time filed a motion to withdraw ten days before trial. Counsel's motion to withdraw states that Sylvia terminated the attorney-client relationship. She then asked the court for two months to find new counsel. When the court refused her request and stated it was not going to change the trial dates, she found an attorney who was unavailable until April 13. She then filed a motion for continuance, without the assistance of counsel, the day before trial. As previously established, the motion failed to set a hearing date and Sylvia did not appear on the day of trial.

A pro se litigant will receive the same consideration as if he or she had been represented by an attorney, and, concurrently, that litigant is held to the same standards as one who is represented by counsel. *Friedman v. Friedman*, 290 Neb. 973, 863 N.W.2d 153 (2015). Although

people have a right to represent themselves, the trial court also has inherent powers to compel conformity to Nebraska procedural practice. *Pope-Gonzalez v. Husker Concrete*, 21 Neb. App. 575, 842 N.W.2d 135 (2013).

Sylvia voluntarily terminated her counsel ten days before trial and then found replacement counsel who was not available until after the trial date. She then filed a motion for continuance without the assistance of counsel the day before trial was to begin. Sylvia claims that the clerk of the court led her to believe she had done what was required to obtain a continuance. However, it is not the responsibility of the clerk's office to give legal advice and it was ultimately her responsibility as a pro se litigant to know whether or not a continuance had been granted. Sylvia cannot use her limited knowledge of the law and procedure or her misunderstanding of what was required of her as an excuse for missing the trial date. Her mistaken belief that the trial had been continued is not good cause for missing the trial, as she contends, and does not excuse her failure to appear for trial. Further, granting the continuance would have been a burden on Joseph because he would have had to obtain new counsel. Accordingly, the trial court did not abuse its discretion in denying her motion to vacate the modification order.

Sylvia's remaining assignments of error take issue with specific findings in regard to the modification order entered on March 29, 2021. Those assignments of error needed to be made in an appeal filed from that order. Sylvia did not appeal from that order and she cannot timely do so now. Accordingly, we decline to address Sylvia's remaining assignments of errors.

CONCLUSION

We conclude that the district court did not err in denying Sylvia's motion to vacate on the ground that her continuance should have been granted. Accordingly, the district court's order is affirmed.

AFFIRMED.