JUDY L.NEMEC, APPELLEE, V. RICHARD J. NEMEC, APPELLANT.
367 N.W.2d 705

Filed May 10, 1985.   No. 84-390.

James S. Watson of McHenry and Watson, for appellant.

Tom Dawson of Landis & Dawson, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

The marriage between the petitioner, Judy L. Nemec, and the respondent, Richard J. Nemec, was dissolved by the district court for Dodge County, Nebraska, on June 19, 1974. Sometime thereafter, both parties became residents of Lancaster County, Nebraska. The Dodge County decree was filed in the district court for Lancaster County on September 13, 1983.

On October 10, 1983, the respondent filed an application in the district court for Lancaster County for modification of the Dodge County decree. The district court for Lancaster County entered an order modifying the decree on March 29, 1984. That order was set aside on that court's own motion on April 9, 1984. The record indicates that the trial court found that it was without jurisdiction. The respondent has appealed and

contends that the district court for Lancaster County erred in finding that it did not have jurisdiction to modify the Dodge County decree. The issue presented is whether the district court for Lancaster County has jurisdiction to modify the judgment in a dissolution proceeding which was commenced in Dodge County, Nebraska.

Neb. Rev. Stat. § 42-351(1) (Reissue 1984) provides that in divorce actions

> the court shall have jurisdiction to inquire into such matters, make such investigations, and render such judgments and make such orders, both temporary and final, as are appropriate concerning the status of the marriage, the custody and support of minor children, the support of either party, the settlement of the property rights of the parties, and the award of costs and attorneys' fees.

Concerning issues related to an application to change physical custody of minor children, this court said in *Nimmer v. Nimmer*, 203 Neb. 503, 505, 279 N.W.2d 156, 158 (1979), "once the original decree was entered the court had continuing jurisdiction until all the children were of legal age or emancipated." And in an even more recent consideration of the scope of § 42-351, this court stated: "It is clear that by this statute full and complete general jurisdiction over the entire marital relationship and all related matters, including child custody and support, is vested in the district court in which a petition for dissolution of a marriage is properly filed." *Robbins v. Robbins, ante* p. 151, 154, 361 N.W.2d 519, 521 (1985).

An application to modify the terms of a decree of divorce is not an independent proceeding. *Ruehle v. Ruehle*, 161 Neb. 691, 74 N.W.2d 689 (1956). As this court explained in *Ruehle*, such an application is simply a proceeding supplementary or auxiliary to an action in which certain matters theretofore determined are by the very terms of the statute subject to modification.

The court below was correct in finding that it did not have jurisdiction to modify the Dodge County decree. That finding is supported by our decision in *Rasmussen v. Rasmussen*, 131

Neb. 724, 269 N.W. 818 (1936). That case involved the jurisdiction of the district court for Douglas County to vacate a decree of adoption rendered in the county court for Douglas County therein. This court stated:

> "A judgment is a matter of record, and can only be changed, set aside or modified by the court by whose authority the record is made, or by the direction of a court of higher jurisdiction in proceedings to review the judgment. If this were not so, chaos would result. . . ."

*Id.* at 726, 269 N.W. at 819.

The basic question raised in this case is the same as that considered by the North Dakota Supreme Court in *Nygord v. Dietz*, 332 N.W.2d 708 (N.D. 1983). There, the appellant argued that the district court of Grand Forks County did not have jurisdiction under a statute providing for enforcement of support orders to modify the child support payments ordered in a decree rendered by the district court of Cass County. Finding that the district court of Grand Forks County did in fact lack such jurisdiction, the court said:

> A court in this State which has jurisdiction to hear a divorce action continues to have jurisdiction over matters pertaining to the custody, care, and education of the children of the marriage and may vacate or modify any decree as is deemed appropriate in the best interests of the children. . . . However, a court which has jurisdiction in a divorce action does not lose its continuing jurisdiction over child-support matters when a support order in the action is transcribed and filed with the clerk of the district court in another county in accordance with Section 14-08-07(2), N.D.C.C.
>
> . . . This section gives the district court of the county to which the support order is transcribed the authority to enforce the support order by issuing a citation for contempt of court against the person who has failed to make the payments. Sec. 14-08-07(1), N.D.C.C. It does not confer upon that court jurisdiction to modify or alter a support order previously issued by the district court of the county which granted the divorce and which has continuing jurisdiction over matters of child custody, care,

and support.

A distinction must be made between the jurisdiction to enforce a transcribed judgment and the jurisdiction to modify such a judgment. An order by one district judge cannot be circumvented by commencing a second action on the same facts in a different county.

*Id.* at 709-10.

Since both of the parties are now residents of Lancaster County, an application could be made to the district court for Dodge County, Nebraska, to transfer the action to the district court for Lancaster County, under the provisions of Neb. Rev. Stat. § 25-410 (Reissue 1979).

The judgment of the district court is affirmed.

AFFIRMED.