BEAVER LAKE ASSOCIATION, A NEBRASKA NONPROFIT CORPORATION, APPELLEE, V. MICHAEL H. SORENSEN AND CYNTHIA A. SORENSEN, APPELLANTS.

434 N.W.2d 703

Filed February 3, 1989.   No. 86-1055.

Jeffrey D'Agosta and Larry A. Duff for appellants.

E. Michael Slattery, of Case, Reinsch & Slattery, P.C., for appellee.

HASTINGS, C.J., CAPORALE, and GRANT, JJ., and MORAN and BROWER, D. JJ.

MORAN, D.J.

Michael H. and Cynthia A. Sorensen, defendants, appeal from an order of the district court for Cass County issuing an injunction in favor of Beaver Lake Association (Beaver Lake), plaintiff, and requiring the Sorensens to comply with the covenants and restrictions on real property in the Beaver Lake Subdivision of Cass County, Nebraska. We affirm.

In an appeal of an action in equity, the Supreme Court tries factual issues de novo on the record, subject to the rule that when credible evidence is in conflict on a material issue of fact, the court considers and may give weight to the fact that the trial court heard and observed the witnesses and accepted one version of the facts rather than the other. *Obermeier v. Bennett*, 230 Neb. 184, 430 N.W.2d 524 (1988).

The covenants and restrictions pertaining to the Beaver Lake Subdivision were recorded in the office of the Cass County register of deeds. These restrictions were upheld by this court in *How v. Baker*, 223 Neb. 100, 388 N.W.2d 462 (1986). The restrictions involved in this appeal require property owners in the subdivision to submit all building plans and materials for approval and to obtain written permission from the board of directors for building construction within 50 feet of the normal waterline as shown on the plats of the Beaver Lake Subdivision. The architectural committee, appointed by the Beaver Lake board of directors, has authority to approve or disapprove of building plans submitted by property owners.

The Beaver Lake Subdivision is also subject to the Cass County zoning rules and regulations.

The Sorensens owned two adjoining lots in the subdivision. Michael read the covenants and restrictions at the time the couple purchased the first lot. As required by Beaver Lake, the Sorensens obtained a building permit in 1979, prior to constructing a boathouse on their lakefront lot. The plans showed a wooden structure, referred to as a "deck" at trial,

adjoining the boathouse on two sides. The deck was raised off the ground and supported by wooden posts driven into the ground. Construction was completed in 1980. Sometime in 1983 or 1984, the Sorensens constructed a small storage shed on the adjoining lot but did not obtain a permit for the construction.

In the spring of 1985, one corner of the deck heaved out of the ground due to frost. Michael began repairing the deck during the first week of March. In the process, he reset the wooden posts, extending the width of the deck by 18 inches to 2 feet beyond the width shown in the plans submitted to Beaver Lake in 1979. He also "put a shade top on top of it," constructing what Beaver Lake representatives referred to as a "gazebo." The construction was completed around the end of May or the beginning of June 1985. Michael did not submit plans to or obtain permission from the architectural committee before beginning this project.

On May 9, 1985, William Nelson, the chairman of Beaver Lake's architectural committee, wrote a letter to Michael concerning the construction he was undertaking on the deck. The letter also noted the existence of the shed on the adjacent lot. The letter requested that Michael comply with the building restrictions by submitting to the architectural committee plans for the deck construction and plans or pictures of the storage shed, or bringing the requested material to the committee's meeting on June 5, 1985.

Michael did not submit the materials requested in the letter, nor did he attend the June 5 meeting. At trial, Michael stated he did not comply with the Beaver Lake building restrictions on the deck structure because he did not think the restrictions applied, because he was repairing an existing structure. Further, he did not think permits were required under the Cass County zoning regulations, since the cost of the structures did not exceed $1,000.

Sometime during the deck construction, Nelson attempted to talk with Michael, but was asked to leave the property. Michael testified he asked Nelson to leave because Michael did not know Nelson and Nelson did not identify himself. The dispute remained unresolved, and Beaver Lake commenced this action

for an injunction on January 17, 1986.

Following a bench trial, the judge ordered the Sorensens to obtain the proper permits or variances, or, alternatively, to remove the storage shed and the gazebo structure appended to the boathouse, and repair the deck to its approximate dimension and structural appearance prior to the damage. The Sorensens appeal.

The first assignment of error alleges the trial court erred in finding their construction activity violated the restrictive covenants. The evidence clearly shows the construction did violate the subdivision restrictions; therefore, the lower court did not err in its holding.

The Sorensens' second assignment of error alleges Beaver Lake is guilty of laches in waiting to bring the action until January of 1986 and, therefore, should not be allowed to enforce the restrictions against the Sorensens. The defense of laches is not a favored one, and it will be sustained only if the litigant has been guilty of inexcusable neglect in enforcing a right, to the prejudice of his adversary. *State ex rel. Marsh v. Nebraska St. Bd. of Agr.*, 217 Neb. 622, 350 N.W.2d 535 (1984).

The facts in this case fall far short of establishing a laches defense. Although there was evidence indicating the Sorensens' boathouse was visible from Beaver Lake's clubhouse, and the board of directors and the clubhouse manager would have been able to see the construction as it was taking place, the letter from the architectural committee was sent before the construction was completed. Further, a representative of Beaver Lake attempted to talk with Michael during construction, but was turned away.

It is clear the Sorensens had ample notice that Beaver Lake considered the covenants and restrictions to be applicable to their activities, but ignored the notice. Further, filing this action 8 months after the completion of the construction does not constitute an unreasonable delay. Lastly, it does not appear the Sorensens expended a significant amount of money on the project; therefore, there was little, if any, prejudice to them by the delay. Given the foregoing facts, the second assignment of error is without merit.

The third assignment of error alleges Beaver Lake is

estopped from enforcing the covenants and restrictions by its acquiescence to similar conduct by the Sorensens. The Sorensens claim Beaver Lake lost its right to enforce the restrictions against them for the deck construction by failing to enforce the covenants and restrictions against them with regard to the small storage shed. This argument is also without merit.

Building restrictions may be released, waived, or abandoned, or the right to enforce them may be lost by estoppel. *Pool v. Denbeck*, 196 Neb. 27, 241 N.W.2d 503 (1976). However, the facts in this case do not support a claim of estoppel. The evidence suggests Beaver Lake did not learn of the existence of the shed until after Michael began "repairing" the deck structure. Upon learning of its existence, Beaver Lake took steps to enforce the covenants and restrictions. Further, even if Beaver Lake did have prior knowledge of the shed's existence, the violation was trivial and will not support an estoppel argument.

For the first time on appeal, the Sorensens attack the covenants and restrictions as vague and confusing, focusing on the description of the shade top on the deck as a gazebo. " '[A]n issue not presented to or passed upon by the trial court is not an appropriate issue for consideration on appeal.' " *State v. Blair*, 230 Neb. 775, 778-79, 433 N.W.2d 518, 521 (1988). Therefore, we do not address this claim.

A mandatory injunction is an appropriate remedy for a breach of a restrictive covenant. *Pool v. Denbeck, supra.*

Having reviewed the record de novo, we find no error on the part of the lower court.

AFFIRMED.