EDWARD RAYMOND BURNS, APPELLEE, V. CONNIE MARLENE BURNS, APPELLANT.

514 N.W.2d 848

Filed April 5, 1994.   No. A-93-479.

Peter T. Hoffman for appellant.

R.K. O'Donnell and J. Blake Edwards, of McGinley, Lane, Mueller, O'Donnell & Reynolds, P.C., for appellee.

CONNOLLY, HANNON, and MILLER-LERMAN, Judges.

CONNOLLY, Judge.

Connie Marlene Burns appeals from a judgment of the Dundy County District Court overruling her motion to set aside a modification order granting custody of the parties' two minor children to her ex-husband, Edward Raymond Burns. She

argues that the court did not have jurisdiction of Edward's application to modify custody because the application did not contain sufficient information pursuant to the Nebraska Child Custody Jurisdiction Act (NCCJA) regarding the children's status. She also argues that she was never given notice of the hearing date for the proposed change of custody. We reverse the judgment and remand the cause for further proceedings because the trial court failed to conduct an evidentiary hearing on the application for modification of custody.

## I. FACTS

### 1. Modification of Custody

In January 1989, Edward filed a petition for dissolution of marriage in the Dundy County District Court. In July 1989, the court dissolved the marriage of the parties and awarded custody of the parties' two minor children to Connie. The record reflects that sometime after the entry of the decree, Connie and the children moved to Wray, Colorado. The record does not indicate when Connie and the children left Nebraska or how long they lived in Colorado. In August 1992, Edward brought the children back to Nebraska and enrolled them in school in Benkelman for the 1992-93 school year. The record is silent as to whether Edward acted surreptitiously in bringing the children back to Nebraska.

On November 23, 1992, Edward filed an application to modify the dissolution decree and requested custody of the children. The application did not include the children's current address or places of residence for the previous 5 years. A hearing on the application for modification was scheduled for December 17, 1992, and Connie appeared pro se. Apparently, a snowstorm precluded the trial judge and Edward's attorney from appearing for the hearing. On that day, Connie, the trial judge, and Edward's attorney participated in a telephone conference. During the telephone conference, Connie requested a continuance, which was granted. The trial court's journal entry of December 17 shows that the hearing was rescheduled for 9 a.m. on January 28, 1993. The record reflects that the clerk of the district court mailed notice of the rescheduled hearing to the parties on December 23, 1992.

Connie did not appear at the January 28 hearing. Edward appeared via telephone. It appears from the record that there was no actual hearing. If there was a hearing, the bill of exceptions for that hearing has not been made part of the record. On January 28, the trial court granted custody of the children to Edward in what Edward characterizes as a "default judgment."

### 2. MOTION TO SET ASIDE THE JUDGMENT

On May 4, 1993, Connie filed a motion to set aside the order granting custody of the children to Edward on grounds that the court lacked jurisdiction to enter the order. At the hearing on the motion, Connie argued that Edward had failed to comply with the section of the NCCJA which requires a party to incorporate into the first pleading of a custody proceeding, inter alia, the child's present address and the places where the child has lived within the previous 5 years. See Neb. Rev. Stat. § 43-1209 (Reissue 1988). Connie concluded that it was impossible for the Dundy County District Court to determine whether it had jurisdiction of the modification action because of Edward's failure to incorporate into the application for modification the information enumerated in § 43-1209. Connie's attorney stated that "[i]n order for the court to acquire subject matter jurisdiction, the party has to supply the information or the court is without sufficient information . . . to make the necessary examination and jurisdictional findings."

Edward argued that the requirements of § 43-1209 are applicable only in the initial pleading of a custody proceeding where jurisdiction has yet to be established. Thus, according to Edward, a subsequent pleading such as his application for modification was not subject to the informational requirements of § 43-1209.

There was no reference to lack of notice in Connie's motion. The bill of exceptions from the hearing on the motion does not contain any testimony or evidence on the issue of lack of notice. Neither the clerk of the district court nor Connie testified regarding the mailing of the notice or lack of receipt of the same. In the record of the May 6, 1993, proceedings, the only

reference to notice occurred when Connie's attorney said in her opening remarks, "And I guess that's something [notice] that the court needs to address in terms of the evidence and have Miss Burns testify." Connie never testified.

The trial court found that it had acquired jurisdiction of custody proceedings pertaining to the Burns children when the petition for dissolution was filed in January 1989 and that it had never relinquished that jurisdiction. The motion to set aside the judgment was overruled.

## II. ASSIGNMENTS OF ERROR

Connie argues that the trial court erred in overruling her motion to set aside the judgment of January 28, 1993, because (1) the court lacked jurisdiction to issue the January 28 judgment and (2) Connie was not given notice of the January 28 proceeding.

## III. STANDARD OF REVIEW

■ When a jurisdictional issue does not involve a factual dispute, determination of the jurisdictional issue is a matter of law which requires an appellate court to reach a conclusion independent from that of the trial court on the jurisdictional issue. *24th and Dodge Ltd. v. Commercial Nat. Bank*, 243 Neb. 98, 497 N.W.2d 386 (1993).

■ Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial rights and, if uncorrected, would cause a miscarriage of justice or damage the integrity, reputation, and fairness of the judicial process. *In re Estate of Fischer*, 227 Neb. 722, 419 N.W.2d 860 (1988).

## ˙ IV. ANALYSIS

### 1. JURISDICTION

■ In *Nemec v. Nemec*, 219 Neb. 891, 367 N.W.2d 705 (1985), the court stated that full and complete general jurisdiction over the entire marital relationship and all related matters, including child custody and support, is vested in the district court in which the petition for dissolution of marriage is properly filed. Quoting *Nimmer v. Nimmer*, 203 Neb. 503, 279

N.W.2d 156 (1979), the court stated that " 'once the original decree [is] entered the court [has] continuing jurisdiction until all the children [are] of legal age or emancipated." *Nemec*, 219 Neb. at 892, 367 N.W.2d at 706.

In *Nemec*, the court also stated that "[a]n application to modify the terms of a decree of divorce is not an independent proceeding. . . . [S]uch an application is simply a proceeding supplementary or auxiliary to an action in which certain matters theretofore determined are . . . subject to modification." *Id*. Edward's application for modification was a proceeding supplementary or auxiliary to the dissolution proceeding commenced in January 1989. Therefore, the informational requirements of § 43-1209 did not apply to Edward's application for modification.

We read the NCCJA to mean that § 43-1209 does not come into play unless a jurisdictional conflict exists between courts in different states. See Neb. Rev. Stat. § 43-1201 (Reissue 1988) (the general purposes of the NCCJA are, inter alia, to avoid jurisdictional competition and promote cooperation with courts of other states). Thus, Connie's reliance on § 43-1209 is misplaced because that statute applies only when the record indicates that there is a colorable claim by one of the parties that the court of original jurisdiction no longer has jurisdiction of the case. Put in simplest terms, the information required by § 43-1209 must be incorporated into the first custody pleading filed *after a jurisdictional contest has arisen*. If the Dundy County District Court had relinquished jurisdiction to another state's courts prior to the filing of Edward's application for modification in November 1992, or if Connie had filed a pleading in Colorado in an attempt to transfer jurisdiction to a Colorado court, then the information required by § 43-1209 would have been necessary in order for the Dundy County District Court to determine whether it could exercise jurisdiction over Edward's application. Such is not the case. The Dundy County District Court stated for the record that it had never relinquished jurisdiction of the case, and there is nothing in the record to suggest that another state had a competitive interest in the custody matter adjudicated in the Dundy County District Court. We conclude from the record

that the Dundy County District Court had continuing jurisdiction of matters pertaining to the custody of the Burns children. Consequently, the court properly exercised jurisdiction over Edward's application for modification of custody.

## 2. NOTICE

■ An issue not presented to or passed upon by the trial court is not appropriate for consideration on appeal. *Wagner v. City of Omaha*, 236 Neb. 843, 464 N.W.2d 175 (1991); *Hensman v. Parsons*, 235 Neb. 872, 458 N.W.2d 199 (1990); *Beaver Lake Assn. v. Sorensen*, 231 Neb. 75, 434 N.W.2d 703 (1989). Connie's motion to set aside the judgment did not make any reference to lack of notice. At the hearing on the motion to set aside the judgment, there was no evidence adduced on the notice issue. Therefore, we refuse to consider this assignment of error.

## 3. NO PROPER HEARING

As noted above in our review of the facts, the record indicates that the trial court summarily granted Edward's application for modification of custody without conducting a hearing. ■ "Custody and visitation of minor children shall be determined on the basis of their best interests. Subsequent changes may be made by the court *after hearing* on such notice as prescribed by the court." (Emphasis supplied.) Neb. Rev. Stat. § 42-364 (Reissue 1988). In matters pertaining to dissolution, such as custody, "[*h*]*earings shall be held* in open court upon the oral testimony of witnesses or upon the depositions of such witnesses taken as in other actions. The court may in its discretion close the hearing and may restrict the availability of the evidence or bill of exceptions." (Emphasis supplied.) Neb. Rev. Stat. § 42-356 (Reissue 1988). Modification of custody by summary disposition is permitted only where the court retained custody in the original order. See *Brandl v. Brandl*, 197 Neb. 778, 251 N.W.2d 155 (1977).

■ In the case at bar, the court did not retain custody of the Burns children. Thus, custody of the Burns children could be modified only after a hearing at which evidence was adduced on

the issue of whether a change in custody would serve the best interests of the children. We find support for this rationale in *Schulze v. Schulze*, 238 Neb. 81, 469 N.W.2d 139 (1991), in which the court rejected an attempt by the parties to stipulate to a change in visitation rights. In *Schulze*, the court stated:

> Although the parties stipulated for a change in [the father's] child visitation rights, nevertheless, "[c]hild visitation rights for a parent . . . are considered and determined in relation to the best interests of the child or children." . . . The record reflects only the parties' stipulation for disposition of child visitation rights, but no evidence concerning the best interests of the Schulze children in reference to [the father's] child visitation rights. A determination of the best interests of a child or children includes a judicial decision *based on evidence*, not exclusively on a parental stipulation for disposition of a question concerning the parties' child or children.

(Emphasis supplied.) *Id.* at 86-87, 469 N.W.2d at 143. If a change in child visitation rights must be supported by evidence adduced for the record, then certainly the same must be true for a change in custody, particularly in a case such as this in which the parties did not stipulate to the proposed change. Furthermore, an appellate court cannot effectively review the trial court's decision on the issue of custody unless the appellate court has before it the evidence upon which the trial court made its decision. Therefore, we hold that where a modification of custody is concerned, a judicial determination of the best interests of the children must be based on evidence preserved in the record.

## V. CONCLUSION

The January 28, 1993, judgment of the Dundy County District Court transferring custody of the Burns children to Edward was entered pursuant to the continuing jurisdiction of that court on matters pertaining to the custody of the Burns children. Connie had sufficient advance notice of the date on which the court would adjudicate Edward's application to modify custody. However, we find plain error in the trial court's act of summarily granting Edward's application for modifi-

cation of custody without first conducting an evidentiary hearing for the record. Therefore, we reverse the trial court's judgment overruling Connie's motion to set aside the January 28 judgment, and we remand this cause of action to the trial court with directions to (1) grant Connie's motion to set aside the January 28 judgment and (2) conduct further proceedings consistent with this opinion.

REVERSED AND REMANDED.