SHELBY LEIGH BLECHA, BY AND THROUGH HIS GRANDMOTHER AND NEXT FRIEND, KATHERINE RANEY, APPELLANT AND CROSS-APPELLEE, V. JOEY L. BLECHA, APPELLEE AND CROSS-APPELLANT.

599 N.W. 2d 829

Filed August 20, 1999. No. S-98-1101.

Charles J. Bentjen, of Witte and Bentjen, P.C., for appellant.

John F. Thomas, Leo A. Knowles, and Amy E. Wallace, of McGrath, North, Mullin & Kratz, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

This case arises from the filing of a petition for determination of paternity, custody, and support of Shelby Leigh Blecha, a minor child, by and through his maternal grandmother and next friend, Katherine Raney. Appellee, Joey L. Blecha, has acknowledged paternity of Shelby and has had physical custody of Shelby since the death of Shelby's mother, Leigh Ann Jarrett, in 1997. The trial court found that Joey was Shelby's father, but granted summary judgment to Joey as regards the claims for custody and support. We removed this case to our docket under our power to regulate the caseloads of this court and the Nebraska Court of Appeals.

## BACKGROUND

Two days after Shelby was born in 1992, Joey executed a written acknowledgment of paternity. Joey's paternity of Shelby has been recognized by all of the parties to this proceeding. The petition states that Joey "claims to be the natural father of Shelby Leigh Blecha, signed an acknowledgment of paternity, and allowed his name to be entered as 'father' on the minor child's birth certificate," but then alleges that "[n]either paternity nor custody has ever been established, and it is in the best interest of the minor child that both paternity and custody be established." Joey's answer stated that he is the father of Shelby.

Joey and Leigh Ann never married, nor was there ever a proceeding to establish paternity, custody, or support. Shelby lived with Leigh Ann his entire life prior to her death, although Joey lived with them for approximately 2 months during Shelby's first year. After Joey moved out, Leigh Ann and Shelby lived

continuously with either Raney or Vicki Jarrett, Leigh Ann's sister, until Leigh Ann's death in an automobile accident in 1997. Shelby was also in the accident with Leigh Ann, and he suffered injuries that hospitalized him for 4 days. Shelby was released from the hospital into the custody of Joey and has been living with Joey since that time.

Raney obtained grandparent visitation, but her attempt to be named as personal representative of Leigh Ann's estate was unsuccessful. Additionally, Raney had applied for a writ of habeas corpus aimed at obtaining custody of Shelby, but that petition was voluntarily dismissed by Raney. Raney then filed this suit as Shelby's next friend, seeking to have paternity established, custody of Shelby awarded to herself and to Vicki, and an order of support and visitation entered against Joey.

The claim for custody is based on allegations in the petition that Shelby and his mother had lived with either Raney or Vicki for nearly his entire life, that Raney was a fit and proper legal custodian of Shelby, and that Vicki was a fit and proper physical custodian of Shelby. Shelby further alleged, in response to Joey's counterclaim for interference with parental rights, that Joey refused to help pay for Shelby's birthing expenses and that Joey failed to support Shelby emotionally or financially.

The trial court found Joey to be the father of Shelby and granted summary judgment to Joey on the remainder of the claims in the petition.

## ASSIGNMENTS OF ERROR

Shelby alleges that the trial court erred in (1) granting Joey's motion for summary judgment and (2) dismissing the petition for determination of custody and support of Shelby. On cross-appeal, Joey alleges that the trial court erred by failing to award him attorney fees on the ground that the suit was frivolous and vexatious.

## STANDARD OF REVIEW

■ Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from

those facts and that the moving party is entitled to judgment as a matter of law. *Koltes v. Visiting Nurse Assn.*, 256 Neb. 740, 591 N.W.2d 578 (1999); *Parker v. Lancaster Cty. Sch. Dist. No. 001*, 256 Neb. 406, 591 N.W.2d 532 (1999).

## ANALYSIS

This case was brought by Shelby, a minor child, through Raney, his maternal grandmother, as next friend. Under the facts of this case, we conclude that summary judgment was proper in favor of Shelby on the paternity issue and in favor of Joey on the other issues raised in the petition. Because it is unclear whether and in what amount the trial court intended to award attorney fees to Joey, we remand for determination of that issue.

Nebraska's paternity statute, Neb. Rev. Stat. § 43-1411 (Cum. Supp. 1996), allows a child, through his or her guardian or next friend, to institute a civil proceeding to establish paternity. Here, Shelby did so, and, given the absence of a factual dispute on that issue, the trial court properly granted summary judgment to Shelby as regards Joey's being his father.

We have held that in an action to establish paternity, issues of custody and visitation rights are incidental to the primary causes of action and fall within the general equity jurisdiction of the district court. *Cox v. Hendricks*, 208 Neb. 23, 302 N.W.2d 35 (1981). However, *Cox v. Hendricks, supra,* involved a dispute between the two natural parents of a child, not a natural parent and a stranger to the parent-child relationship, as in this case. The court stated:

> In a paternity action where paternity has been admitted and the natural father has demonstrated a familial relationship with the child and has fulfilled parental responsibilities of support and maintenance, the fact that the child was born out of wedlock should be disregarded, and custody and visitation of minor children should be determined on the basis of the best interests of the children. In determining *with which of the natural parents the children shall remain*, the standards set out in Neb. Rev. Stat. § 42-364 (Reissue 1978) are to be applied.

(Emphasis supplied.) *Cox v. Hendricks*, 208 Neb. at 28, 302 N.W.2d at 38. Thus it appears that custody determinations pursuant to paternity actions are only appropriate when the two parties vying for custody of the child both have a legitimate claim for custody of the child. Such is the case when the paternity suit involves the natural parents or the father and the child's legal guardian.

In this case, however, Shelby is asking the court to place him in the custody of his grandmother and aunt, neither of whom are legal guardians of Shelby or have any legal right to his custody. In such a situation, absent charges of abuse or neglect, the father's natural right to the custody of his children trumps the interest of strangers to the parent-child relationship and the preferences of the child. See, *In re Interest of A.L.N.*, 223 Neb. 675, 392 N.W.2d 780 (1986); *In re Interest of M.*, 215 Neb. 383, 338 N.W.2d 764 (1983). Accordingly, a determination of custody and support under § 43-1411 is inappropriate in this case, and the trial court properly entered summary judgment in favor of Joey on those issues.

As for Shelby's claims under Neb. Rev. Stat. § 25-21,149 (Reissue 1995) of the Uniform Declaratory Judgments Act, the result is necessarily the same. The act grants courts the power "to declare rights, status, and other legal relations whether or not further relief is or could be claimed." § 25-21,149. We have held that the act is, under certain circumstances, an appropriate method for determining paternity. See *White v. Mertens*, 225 Neb. 241, 404 N.W.2d 410 (1987). However, even assuming that this case presents such circumstances, the trial court's power under the act would be limited to declaring the existing legal relationship between Shelby and Joey. The additional relief requested by Shelby is outside the scope of the act.

In sum, summary judgment was appropriate in favor of Shelby on the issue of paternity because there was no factual dispute as to Joey's paternity of Shelby. Summary judgment was proper in favor of Joey on the remaining issues because, under the facts alleged, Joey has an indisputable right to custody as Shelby's father.

## CROSS-APPEAL

Joey asserts on cross-appeal that Shelby's action was frivolous, and seeks attorney fees. Neb. Rev. Stat. § 25-824 (Reissue 1995) allows a court to award attorney fees when an action is frivolous.

The trial court's order sustaining Joey's motion for summary judgment stated:

Inasmuch as the motion for summary judgment asks that the paternity of the child be confirmed in Respondent, it is clear the action is not frivolous. . . . However, the action does appear to be frivolous as it relates to the issues of custody and support, and the . . . recitation of the factual background shown by the exhibits supports such determination.

Section 25-824(4) states:

The court shall assess attorney's fees and costs if, upon the motion of any party or the court itself, the court finds that an attorney or party brought or defended an action or any part of an action that was frivolous or that the action or any part of the action was interposed solely for delay or harassment. If the court finds that an attorney or party unnecessarily expanded the proceedings by other improper conduct . . . the court shall assess attorney's fees and costs.

We recently discussed attorney fees in the case of *Daily v. Board of Ed. of Morrill Cty.*, 256 Neb. 73, 588 N.W.2d 813 (1999). In *Daily*, citing *U S West Communications v. Taborski*, 253 Neb. 770, 572 N.W.2d 81 (1998), we said that attorney fees can be awarded against a party bringing an appeal that is without rational argument based on law and evidence. Citing *Behrens v. American Stores Packing Co.*, 236 Neb. 279, 460 N.W.2d 671 (1990), we also stated that the term "frivolous" connotes an improper motive or legal position so wholly without merit as to be ridiculous.

In this case, Raney first brought a habeas corpus action to contest the custody of Shelby but voluntarily dismissed that action. Raney also attempted to be named as the personal representative of Leigh Ann's estate, which was unsuccessful. Having failed in these attempts to gain custody of Shelby and/or control of Leigh Ann's estate, Raney then brought this action for paternity as next friend of Shelby. However, no one, including

Raney, disputes that Joey is the father, and Raney's present action is nothing more than a sham to try and bring the custody of Shelby into issue.

Unless there is a paternity case to be decided by the court, there is no issue of custody for the court to consider within the confines of the paternity suit. We find in our de novo review that Raney's bringing of the present suit is without a rational argument, and totally without merit.

We find that Joey's cross-appeal should be granted as to attorney fees incurred in this appeal and assess attorney fees against Raney in the sum of $2,000 for services rendered in this appeal. We remand this cause to the trial court for further proceedings to determine reasonable attorney fees to be awarded to Joey from Raney for legal services and costs incurred up to the date of the notice of appeal.

## CONCLUSION

The trial court appropriately granted summary judgment to Shelby on the issue of Joey's paternity. Since there was no issue as to paternity, there was no justiciable issue as to custody. We find that Joey should prevail in his cross-appeal alleging that Raney's bringing of this suit was frivolous and award attorney fees to Joey to be paid by Raney for legal services rendered in this appeal in the sum of $2,000. We remand this cause to the trial court for further proceedings to determine the reasonable amount of attorney fees and costs that should be awarded to Joey from Raney for legal services rendered and costs incurred up until the filing of the notice of appeal.

AFFIRMED AND REMANDED
FOR FURTHER PROCEEDINGS.

STEPHAN, J., not participating.